■ HEIL COMPANY, Respondent, v SWIFTAINER INDUSTRIES CORP., Appellant.—Order, Supreme Court, Bronx County, entered January 3, 1974, and the judgment of said court entered thereon on January 7, 1974, *inter alia,* granting plaintiff's motion for summary judgment on the first cause of action and dismissing defendant's third, fourth, fifth, sixth and seventh counterclaims, modified, on the law, to the extent of reinstating so much of the fourth counterclaim as alleges a breach by plaintiff of defendant's exclusive distributorship in Westchester County. Except as so modified, said order and judgment are affirmed, without costs and disbursements, for essentially the reasons stated by Justice Fusco. Plaintiff's renewal of its prior motion to dismiss the appeal for failure to prosecute is denied. The parties entered into a written agreement in April, 1967, pursuant to which defendant was appointed as plaintiff's "non-exclusive" distributor of refuse collection bodies, in certain specified territories. Some seven months later, said agreement was amended to cover Westchester County "on an exclusive basis." The fourth counterclaim alleges, in substance, that plaintiff permitted other firms to infringe on defendant's territory. To the extent that such claim involves Westchester County, the only "exclusive" territory granted defendant, we find triable issues raised sufficient to warrant denial of summary judgment. In such connection, we note that plaintiff does not seriously dispute defendant's violation charges, but relies, instead, on the alleged illegality of any such exclusivity claim, citing as its authority, *United States v Arnold, Schwinn & Co.* (388 US 365). However, the *Schwinn* case does not declare all restrictive distribution systems illegal, only those, insofar as appear here pertinent, which may involve impermissible price fixing or products not otherwise available in the market. The record before us does not permit an informed conclusion on such issues. Plaintiff's third affirmative defense to the reinstated portion of defendant's fourth counterclaim therefore remains viable. Concur—Stevens, P. J., Kupferman, Murphy and Birns, JJ.; Silverman, J., dissents in part in a memorandum as follows: I do not think that the limitations on *Schwinn* referred to in the court's opinion apply where as here there is a complete sale of the goods to the distributor. The Supreme Court in the *Schwinn* case said (p 379): "As the District Court held, where a manufacturer *sells* products to his distributor

subject to territorial restrictions upon resale, a *per se* violation of the Sherman Act results. And, as we have held, the same principle applies to restrictions of outlets with which the distributors may deal and to restraints upon retailers to whom the goods are sold. Under the Sherman Act, it is unreasonable without more for a manufacturer to seek to restrict and confine areas or persons with whom an article may be traded after the manufacturer has parted with dominion over it. *White Motor, supra; Dr. Miles, supra.* Such restraints are so obviously destructive of competition that their mere existence is enough. If the manufacturer parts with dominion over his product or transfers risk of loss to another, he may not reserve control over its destiny or the conditions of its resale." As the plaintiff in this case had parted with dominion over its product, it could not validly agree either that the defendant could not sell plaintiff's product outside Westchester County or that no other distributor would sell inside Westchester County. Accordingly, I would affirm the judgment *in toto* including the dismissal of the fourth counterclaim.